[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 25 January 1994 Date of Application: 25 January 1994 Date Application Filed: 26 January 1994 Date of Decision: 24 May 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, at Manchester.
Jeremy N. Weingast, Esq. — For the Petitioner
John Dropick, Esq. — For the State of Connecticut
MEMORANDUM OF DECISION
BY THE DIVISION
The petitioner entered pleas of nolo contendere to the crimes of Evasion of Responsibility in Operation of a Motor Vehicle, in violation of Conn. Gen. Stat. § 14-224 (a); Manslaughter in the second degree with a Motor Vehicle, in violation of Conn. Gen. Stat. § 53a-56b; and Operation of a Motor Vehicle under the Influence of Liquor or Drugs, in CT Page 6328 violation of Conn. Gen. Stat. § 14-227a. He was sentenced to five years execution suspended after serving three years with three years probation on the Evading count and seven years execution suspended after serving three years with three years probation on the Manslaughter count with both counts to run consecutive with each other. On the Driving Under the Influence count he was given 6 months, execution suspended after two days to run concurrent to the first two counts. The petitioners total effective sentence was twelve years, execution suspended after serving six years with three years probation.
The record shows that the petitioner left a Super Bowl party under the influence of alcohol. Approximately two miles from the party the petitioner struck and killed a person walking on Burnside Avenue in East Hartford. The victim when struck was carried for a considerable distance and flipped over the right side of the truck and he died of massive internal injuries. The petitioner never stopped at the scene of the accident and actively attempted to conceal his participation and the damages to his truck that he was driving that night.
Counsel for the petitioner indicated that the sentencing court did not give sufficient consideration and weight to the important fact that his client had no prior criminal record. He argued that the petitioner always worked and that he was generous in giving his time to the community. Counsel felt that more consideration should be given to the fact that the petitioner was a four year veteran of the U.S. Navy and that he saved the state considerable expense by admitting his crimes. Counsel asked the Division to lower the sentence to a lesser amount of three to five years to serve.
The attorney for the state pointed out that the victim died because the petitioner was drunk. Further that the petitioner attempted to evade his responsibility for his acts. Counsel argued that the sentencing court found no mitigating factors to justify the act of evading. He noted that the sentencing court took into consideration every factor put forth by the petitioner at the sentencing and imposed the sentence before this panel. Noting that the court spent much time soul searching before she sentenced the petitioner he felt that the sentence was fair and appropriate considering all the factors presented. CT Page 6329
In reviewing the sentencing transcript we find that the court spent a considerable period of time allowing all interested persons to comment on the possible sentence. The court had a fifty page alternative sentencing proposal to consider at the two hearings she held. The record shows that the court allowed all parties to comment then postponed the sentence for over a month to give it further consideration.
In reviewing the conduct of the petitioner after the accident and in light of the factors set forth in Practice Book Sec. 942 the sentence as imposed is appropriate. A life was taken by the petitioner.
THE SENTENCE IS AFFIRMED.
Norko, J. Purtill, J. Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in this decision.